### JOHN E. HALL ET AL. v. BRADFIELD ET AL.

1. ACTION TO RECOVER BASED ON MORTGAGE.

An action under the statute to recover possession of real estate, plaintiff relying upon a mortgage to prove title, is not an action upon the mortgage itself and is not barred in less than twenty-one years.

2. MORTGAGE IS COMPETENT EVIDENCE.

In an action under the statute to recover possession of mortgaged real estate, condition having been broken, brought within twenty-one years, a mortgage is competent evidence of plaintiff's right of possession at the time suit was brought.

HEARD ON ERROR.

*S. L. Gregory*, for plaintiff in error.

*S. W. Huls*, for defendant in error, cited:

Ejectment may be maintained on a mortgage if brought within fifteen years, but not after that period.

A mortgage does not hold the absolute and complete title even after condition broken. Miami Exp. Co. v. Bank, Wright, 249 ; Hill v. West, 8 Ohio, 222 [31 Am. Dec. 442] ; Perkins v.Debble, 10 Ohio, 433, 437 [36 Am. Dec. 97] ; Harkrader v. Leiby, 4 Ohio St. 602 ; Williams v. Englebrecht, 37 Ohio St. 383, 386 ; Ramey v. Hardy, 43 Ohio St. 157, 160 [1 N E. Rep. 523] ; Bank v. Johnson, 47 Ohio St. 306, 312 [24 N. E. Rep. 503] ; Rife v. Lybarger, 49 Ohio St. 422, 426 [31 N. E. Rep. 768 ; 17 L. R. A. 403] ; Pendery v. Allen, 50 Ohio St. 121, 129 [33 N. E. Rep. 716 ; 19 L R. A. 367]; Kerr v. Lydecker, 51 Ohio St. 240 [37 N. E. Rep. 267 ; 23 L. R. A. 842] ; Kernohan v. Manss, 53 Ohio St. 118 [41 N. E. Rep. 258 ; 29 L. R. A. 317] ; Gray v. Clyde, 53 Ohio St. 673 [44 N. E. Rep. 1137] ; Zuellig v Hemerlie, 60 Ohio St. 27, 34 [53 N. E. Rep. 447 ; 71 Am. St. Rep. 707].

GIFFEN, J.

The only question argued in this case was, can a mortgagee maintain a suit to recover possession of the mortgaged premises after the note secured by the mortgage is barred by the statute of limitations? It is conceded by counsel, that, after condition broken, the legal title to mortgaged premises is in the mortgagee, and he may maintain ejectment.

It may be conceded further that a mortgage is now treated both in law and in equity as mere security for the debt and the mortgagee is per-

mitted to use the legal title only for the purpose of making effectual such security. When, therefore, the debt is paid, the legal title to the mortgaged premises revests in the mortgagor without conveyance from the mortgagee; but the same result does not follow when the debt is barred by the statute of limitations, because the condition of the mortgage is for the payment and not the bar of the debt and the latter not being equivalent to the former.

It has been held in this state that a mortgage securing the payment of an account may be foreclosed after the account is barred, and it follows that ejectment may also be maintained. The legal title necessary to support ejectment still remains in the mortgagee. In Kerr v. Lydecker, 51 Ohio St., 240 [37 N. E. Rep. 267; 23 L. R. A. 842], the syllabus is as follows :

" A mortgage is a specialty, and an action for its foreclosure and sale of the premises comes within the provisions of Sec. 4980, Rev. Stat., and the period of limitation is fifteen years, unless extended by virtue of Sec. 4992, Rev. Stat. "

The same limitation applies in an action upon a specialty as upon a promissory note, and a mortgage being a specialty, an action to foreclose it is barred in fifteen years; but if the limitation upon a specialty was twenty-one years, then an action to foreclose a mortgage could be maintained within that time although an action upon the note secured thereby was barred, and if the limitation was less than fifteen years the action could not be maintained although an action upon the note was not barred by the statute. It seems quite clear then that, although a mortgage is a mere security for the payment of the debt, an incident to it, yet an action upon the mortgage survives after one upon the debt is barred, unless the limitation in each case is the same.

The legal title to the mortgaged premises remains in the mortgagee even after the debt has been transferred, and entitles him to bring an action for possession thereof at any time before the debt is paid, and within twenty-one years from the time the right of action accrued, unless such an action must be treated as one upon a mortgage or a specialty. In Kerr v. Lydecker, *supra*, the court with great care distinguish the action to foreclose a mortgage from one to recover title or possession of real estate, thereby intimating that if it belonged to the latter class, the limitation of twenty-one years provided in Sec. 4977, Rev. Stat., would govern, although a mortgage is a specialty. And it is further said, at page 250 :

"He ( the mortgagee ) may sue for the recovery of the possession of the land in a real action in the nature of ejectment, using his mortgage to prove his title ; or he may sue for a foreclosure of his mortgage and a sale of the mortgage premises.

In this case there can be no question of the form or nature of the action; it being plainly one under the statute to recover possession of real estate, the plaintiff relying upon the mortgage to prove title. It is not an action upon the mortgage itself, but is a suit to recover the possession of real estate conveyed by the mortgage. They had two distinct remedies, either of which they could adopt, although the limitation was not the same in each. The fallacy of the position assumed by the defendants seems plain when we consider that the question did not and could not arise until the mortgage was offered in evidence, and the court excluded it upon the ground that an action upon the notes secured thereby was barred.

Hall v. Bradfield.

The mortgage was certainly evidence of title at the time its conditions were broken, and whether it was evidence of the right of possession at the time suit was commenced depended on the statute of limitations as to that form of action. We think the mortgage was competent evidence, and the court erred in rejecting it.

Judgment reversed and cause remanded for a new trial. Philly v. Sanders, 11 Ohio St. 490 to 494 [78 Am. Dec. 316].

SWING, J., dissents.

I do not concur in the judgment arrived at by Judges Smith and Giffen in this case. It seems to me that the decision of the Supreme Court in Kernohan v. Manss, 53 Ohio St. 118 [41 N. E. Rep. 258; 29 L. R. A. 317], is decisive of the question here raised, and that it is directly opposed to the conclusion arrived at by a majority of this court. Other decisions might be cited to the same effect, but I think this one is sufficient.

---

## EXPLOSIVES—NEGLIGENCE.

[Harrison Circuit Court, May Term, 1901.]

Burrows, Laubie and Cook, JJ.

### EDWARD LAUGABOUGH ET AL. V. HUGH T. ANDERSON.

WHEN THE STORING OF CRUDE OIL CREATES LIABILITY.

Whether or not petroleum or crude oil is a highly inflammable and dangerous substance, and a constant menace to property in its vicinity, when stored in large quantities, are questions of fact to be determined by the jury; and when these questions are determined in the affirmative, it is not necessary to a recovery by a party whose property has been destroyed by fire arising from the escape of petroleum so stored, to show negligence upon the part of its owners, but such owners must keep the same upon their own premises at their peril.

HEARD ON ERROR.

*Bow, Harrison & Aston* and *Pearce & Lemmon*, for plaintiffs in error·
*D. A. Hollingsworth*, for defendant in error.

COOK, J.

Laugabough, Morton and Hardwick leased from Mary Scott a small parcel of land in the village of Scio, Harrison county, being one-half of an ordinary sized village lot, for the purpose of putting down an oil well, Mrs. Scott to receive one-eighth of the oil obtained, as royalty.

Scio is a populous village, the houses being built quite closely together and principally frame buildings. A well was drilled upon the half lot, oil was procured, and a large amount stored in two tanks upon the premises. An elevated tank from some cause toppled over and the oil ran down to a small run or creek close by; the oil took fire and the dwelling house and out buildings of defendant in error, Anderson, situated on the adjoining half lot, were destroyed.

Under these circumstances the court charged the jury that the main question for them to determine was: Is crude oil stored in tanks a highly explosive and dangerous substance and a constant menace to property in its vicinity? And, if so, was the storing of such oil the prox-