## STAFFORD v COLLINS, Admr, Etc

Ohio Appeals, 2nd Dist, Clark Co

Decided Dec 27, 1933

Kerr, Kerr & Kerr, Springfield, for plaintiff in error.

Clem V. Collins, Springfield, for defendant in error.

the note payable to Philip Stafford would be barred within fifteen years after it was due and though the right to proceed to foreclose upon the security of the note would not obtain, the right to action because of the conveyance in the mortgage was not barred for twenty-one years and represented an interest which the court in the action to sell real estate to pay debts should recognize. We are cited to **Bradfield v Hale, 67 Oh St, 317,** supporting the theory of plaintiff in error that either the right of foreclosure or ejectment is available to the mortgagee as between the mortgagor and mortgagee on condition broken and that the twenty-one year Statute of Limitations applies. To like effect **Fisher's Executor v Mossman, 11 Oh St, 42; Hall v Bradford, 12 O.C.D., 339; Carter v Goodin, 3 Oh St, 75, 77; Kerr v Lydecker, 51 Oh St, 240-248; Cincinnati v Fogarty, 14 O.N.P. (N.S.) 599.** The lower courts took a view contra the claim of plaintiff in error and in our judgment they properly determined the law of this case. There are several reasons for our position which are pertinently and effectively presented in the brief of counsel for defendant in error. We state them briefly.

By virtue of statute, the real estate upon which the mortgage was given must be considered personal assets of the mortgagee and not real property.

**Sec 10509-68 GC.** "When a mortgagee of real estate or an assignee of such mortgagee dies without foreclosing the mortgage the mortgaged premises and the debt secured thereby shall be considered personal assets in the hands of his executor or administrator."

Thus, if for no other reason than this statute, the interest of Philip Stafford as mortgagee could not upon his death pass to his heirs as real property and the action of ejectment could not properly lie. Any action which would properly have been instituted to obtain possession of the mortgaged premises must have been brought by the executor or administrator of Philip Stafford, deceased.

**Sec 10509-69 GC.** "If the mortgagee or assignee did not obtain possession of the mortgaged premises in his lifetime his executor or administrator may take possession by open and peaceful entry or by action as the deceased might have done if living."

Likewise, we are of opinion that title to the mortgaged premises could not have passed to the heirs of Philip Stafford, de-

## OPINION

By HORNBECK, PJ.

The questions presented are ones of law. There are no material disputes of facts. It is the claim of plaintiff in error that when the note of Joseph H. Stafford became due and unpaid there was a breach of the condition of the mortgage; that, thereupon, Philip Stafford had legal title to and the right to take possession of the premises in the petition described; that this title and right of the father passed upon his death to his heirs and that Milton G. Stafford individually and by assignment of his brothers represented the full right of his father. It is further claimed that there was, to all intents and purposes, a settlement of the estate of Philip Stafford, deceased; that, although right of action on

ceased, by virtue of the assignment on the mortgage in view of the requirements of §5810 GC (**Walters v Homberg, 3 Oh Ap 327**).

While the authorities cited by plaintiff in error establish the right of a mortgagee upon condition broken as between him and the mortgagor to exercise a remedy to secure possession based upon his legal title, yet it has been held that no right of possession passed to the heirs of a mortgagee who was not in possession at his death. **Stockwell v Gambell et, 16 C.C. (N.S.) 427**, affirmed without opinion in **Wilson v Stockwell, 78 Oh St.** The court at page 430, in discussing the principle, says:

"But it is claimed that Margaret Harrison's legal title under the mortgage passed to her heirs. Her legal title, however, was incomplete; she lacked possession. True, she had the right of possession, but the most that can be claimed is that her naked title, with this right of possession, passed to her heirs, and that, in trust for the owner of the notes."

In the instant case the mortgagee, although he had legal title to the real estate described in the petition, never went into possession under his right of possession.

In Fisher's Executor v Mossman, supra, cited by counsel for plaintiff in error, the action was instituted by the mortgagee in his own right against the executor of the mortgagor. Action on the notes which the mortgage secured was barred by the Statute of Limitations. But ejectment by virtue of the legal title in the mortgagee was not so barred. The property upon which the mortgage was given was considered as real estate and maintained that character throughout the proceeding and the rights of the mortgagee were determined upon that basis. In the instant case the mortgagee is dead and by force of the statute any legal title which he held in the mortgaged premises, by reason of mortgage condition broken passes to his estate as personal property. We are satisfied that Milton G. Stafford as an heir of Philip Stafford, deceased, and as assignor of his brothers, the other two heirs, took no interest in the real estate described in the petition by virtue of the rights of his father as mortgagee of the mortgage from Joseph H. Stafford to Philip Stafford which he could assert as an individual in the instant action.

The Judgment of the trial court will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.